# EXHIBIT "A"

# Promissory Note and Security Agreement


Exhibit "A"
Page 17 of 27

## STATEMENT OF LOAN • FEDERAL DISCLOSURES • PROMISSORY NOTE AND SECURITY AGREEMENT

| Borrowers' Name and Address | Lender's Name and Address |
|---|---|
| Eduardo Enrique Vallejo<br><br>North Hollywood, CA | Continental Currency Services, Inc. dba CCS<br>8026 Vineland Ave<br>Sun Valley, CA 91352<br>(818) 768-3740 |
| | License No.: 603F465 |
| | Loan Number: 725 |
| Date of Loan: 03/13/2015 | Maturity Date: 09/13/2018 |

In this Promissory Note and Security Agreement ("Agreement"), Borrower and Co-Borrower are referred to as "you" and "your" and Lender is referred to as "we" "us" and "our." The Federal Truth in Lending Act Disclosures are part of this Agreement. On the date shown opposite signature(s) below, we have loaned you money and you have granted to us a security interest in your motor vehicle described below ("Vehicle") as collateral to secure repayment. Unless the following box is checked, this loan is made primarily for personal, family or household purposes.
☐ Business or Commercial Purposes

| Vehicle Description | Year: 1974 | Make: Alfa-romeo | Model: Spider 1750/2000 Convertible |
|---|---|---|---|
| Odometer: 95722 | | VIN#: AR3043863 | Color: Silver |
| Transmission: | | License No.: 4USG591 | Body Style: Na - Na |

### Federal Truth in Lending Act Disclosures

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate.<br>**103.39%** | FINANCE CHARGE<br>The dollar amount the credit will cost you.<br>**$16,924.86** | AMOUNT FINANCED<br>The amount of credit provided to you or on your behalf.<br>**$6,189.00** | TOTAL OF PAYMENTS<br>The amount you will have paid after you have made all payments as scheduled.<br>**$23,113.86** |
|---|---|---|---|

Borrower's Initials  *J.J.V.*
Co-Borrower's Initials _____

**Your payment schedule will be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 42 | $550.33 | Monthly, beginning 04/13/2015 |

**Security:** You are giving a security interest in the Vehicle described above.
**Late Charge:** If any payment is not made within 10 days after it is due you will be charged a late charge as follows:
☒ $10.00
**Prepayment:** If you pay off early, you will not have to pay a penalty. See your contract documents for any additional information about nonpayment, default, and any required repayment in full before the scheduled date, and prepayment refunds.

### The Lender may retain a portion of these amounts

| Itemization of Amount Financed | | Important Notice to Borrower(s) |
|---|---|---|
| A. Amount Given to You Directly: | $6,170.00 | THIS IS A HIGH COST LOAN. YOU MAY BE ABLE TO OBTAIN A LOAN FROM SOMEONE ELSE AT A LOWER RATE OF FINANCE CHARGE. YOU SHOULD COMPARE THE "APR" OF THIS LOAN WITH OTHER LOANS AVAILABLE FROM OTHER LENDERS. THINK CAREFULLY BEFORE YOU DECIDE TO TAKE THIS LOAN. |
| B. Amount Paid to: | $0.00 | |
| C. Amount Paid to: | $0.00 | |
| D. Amount Paid to: | $0.00 | |
| E. DMV Lien Fee: | $19.00 | |
| F. DMV Registration Fees: | $0.00 | |
| G. Prepaid Finance Charge (Admin. Fee): | $75.00 | Borrower's Signature  X __*J.J.V.*__ |
| H. Total Loan Amount: | $6,264.00 | Co-Borrower's Signature X _____ |
| I. Amount Financed (H minus G): | $6,189.00 | |

For value received you promise to pay us the Total Loan Amount ("Principal") shown above (the Amount Financed plus any Prepaid Finance Charge) plus interest at the rate of **102.00% per year** on the unpaid principal balance until paid in full. You agree to make payments each month as described in the Payment Schedule above. You agree to pay all other amounts which may become due under this Agreement. You will send your payments to LoanMart File 1373 PO Box 260210 Encino, CA  91426. If more than one of you signs this Agreement, each of you will be individually and jointly liable to us for repayment.

**Simple Interest & Your Payment:** This is a simple interest loan. Finance charges will accrue on the unpaid Principal balance on a daily basis. Payment we receive will be applied first to fees, such as late charges, then to accrued and unpaid finance charges, then to unpaid Principal, then to other amounts you owe us. If you make more than one payment that is due, you will still owe the payments due as scheduled (advance payments are applied to Principal balance). The Finance Charge, Total of Payments and Payment Schedule disclosed in the Federal Truth in Lending Disclosures may differ from the actual amount you pay if your payments are not received by us on their exact due dates, or we advance amounts under this Agreement to fulfill your obligations, which we may add to the unpaid Principal balance. Your final payment may be different than the amount disclosed under the Payment Schedule if you make your payments after the date they are due, or if we added amounts we advanced to the Principal balance. We earn the Admin Fee (Prepaid Finance Charge) in full on the date this loan is made.

**Prepayment:** You may pay us all that you owe us at any time without penalty. If the amount you prepay is more than two times the monthly installment payment or $1,500.00 (whichever is less), we may demand that you use a form of immediate available funds, such as a certified check, cashier's check, money order or Moneygram®. If there is more than one of you, you agree that we may release our lien interest in the certificate of ownership (certificate of title) to any one of you.

**Late Fee:** You agree to pay a late charge for late payment as disclosed above.

**Returned Payment Item Fee:** If any check, negotiable order of withdrawal or share draft you give us is returned by a depository institution, you agree to pay a returned payment item fee of $15 for each such item returned.

**Security Interest:** You grant us a security interest in: (1) the Vehicle and all parts or accessories (including radio, tape player, CD player, navigation system, transmitter, and telephone) attached to the Vehicle; (2) all money or goods received for the Vehicle ("Proceeds"); (3) all Proceeds or refunded insurance premiums or charges for optional products or services financed in the loan, which secure all sums due or to become due under this loan as well as any modifications, extensions, renewals, amendments or refinancing of this loan; and (4) any substitution, in whole or in part, for the Vehicle. You will do all acts necessary to ensure our lien interest appears on the certificate of ownership to the Vehicle.

**Use of Vehicle:** You agree to keep the Vehicle free of all liens and encumbrances, including tax liens, except the lien in our favor, and to not use the Vehicle or permit the Vehicle to be used illegally, improperly or for hire, or to expose the Vehicle to misuse, seizure, confiscation, forfeiture or other involuntary transfer, even if the Vehicle is not the subject of judicial or administrative proceedings. You agree not to make or allow any material change to be made to the Vehicle. You agree to allow us to inspect the Vehicle at any reasonable time. You agree not to remove the Vehicle, or allow the Vehicle to be removed, from California for a period in excess of 30 days without our express permission. You agree not to remove the Vehicle from the U.S. or Canada. You agree not to sell, rent, lease or transfer any interest in the Vehicle. You agree to keep the Vehicle in good working condition and make all necessary repairs. Although we are not obligated to do so, if we pay any liens, fees, maintenance or taxes in connection with the Vehicle, or advance any other amount to protect our interest in the Vehicle, you will reimburse us, at our option, within five (5) days of our demand upon you to do so, or we may add the amount of any such liens, fees, maintenance or taxes or other charges we pay to the Principal balance. Such amounts will accrue finance charges at the rate set forth above. Unless you have paid us such amounts prior to maturity, they will be due at the maturity of this Agreement.

**Insurance:** You agree to keep the Vehicle insured in our favor with a policy and insurance provider satisfactory to us, with comprehensive fire, theft and collision coverage, insuring the Vehicle in an amount sufficient to cover the value of the Vehicle, and providing for a deductible of not more than $500. You may obtain the insurance from any insurer or broker you choose that is acceptable to us. You agree to obtain and deliver to us a loss payable endorsement on such insurance. You agree that we may (1) contact your insurance agent to verify coverage or to have us added as a loss payee, (2) make any claim under your insurance policy for physical damage or loss to the Vehicle, (3) cancel the insurance if you default in your obligations under this Agreement and we take possession of the Vehicle and/or (4) receive any payment for loss or damage, or return premium, and apply amounts we receive, at our option, to replacement of the Vehicle or to what you owe under this Agreement, including indebtedness not yet due. Unless you provide us with evidence of the insurance coverage required by your Agreement with us, we may purchase insurance at your expense to protect our interests in your Vehicle. This insurance may, but need not, protect your interests. The coverage that we purchase may not pay any claim that you make or any claim that is made against you in connection with the Vehicle. You may later cancel any insurance purchased by us, but only after providing us with evidence that you have obtained insurance as required by our Agreement. If we purchase insurance for the Vehicle, you will be responsible for the costs of that insurance, including interest and any other charges we may impose in connection with the placement of the insurance, until the effective date of the cancelation or expiration of the insurance. The costs of the insurance may be added to your total outstanding balance or obligation. The costs of the insurance may be more than the cost of insurance you may be able to obtain on your own. Whether the Vehicle is insured, you must pay us all that you owe us if the Vehicle is lost, stolen, damaged or destroyed. **LIABILITY INSURANCE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS AGREEMENT.**

**Default:** If you fail to pay us what you owe when it is due or when we demand you pay, you will be in default of this Agreement. You will also be in default of this Agreement if: (1) you gave us false information or committed forgery in connection with this loan; (2) you fail to keep your promises or fulfill your obligations under this Agreement; (3) you die and there is no surviving Co-borrower; (4) you become insolvent or file a petition in bankruptcy, or a petition in bankruptcy is filed against you; (5) the Vehicle is taken outside of the United States, stolen, damaged, destroyed, impounded, seized, confiscated or forfeited; or (6) you remove or alter or attempt to remove or alter our lien interest as it appears on the certificate of ownership to the Vehicle.

**Remedies:** If you are in default, we may (1) declare all that you owe us to be immediately due and payable and (2) file suit against you for all unpaid sums you owe under this Agreement; (3) take immediate possession of the Vehicle where we may find it, provided that we do so peacefully; and (4) exercise any other legal or equitable remedy. If the Vehicle is equipped with a tracking device, you agree that we may locate the Vehicle by use of that device. If we take possession of the Vehicle, any accessories, equipment or replacement parts will stay with the Vehicle. If any of your personal items are in the Vehicle when we take possession, they will be stored for you at your expense. California law provides for the period of time these items must be held. If you do not ask for these items back within that time, we may dispose of them as permitted by law. Our remedies under (1) and (2) are subject to any right you may have to reinstate the Agreement or redeem the Vehicle by paying what you owe in full as provided in the California Finance Lenders Law and the California Uniform Commercial Code. Upon taking possession of the Vehicle, subject to any right you may have to reinstate or redeem, we will sell the Vehicle at a public or private sale. We will give you notice of the sale as required by law. We will add the costs of retaking, holding, preparing for sale, and disposing of the Vehicle to what you owe, as permitted by law. The proceeds of sale will be applied first to these costs, and the remainder will be applied to unpaid sums you owe under this Agreement. If we must pursue collection, or hire an attorney to collect what you owe, you will reimburse us our reasonable collection costs and attorney fees when we demand, to the extent permitted by law. If there is any money left over (surplus), we will pay it to you unless we must pay it to someone else who has a subordinate lien or encumbrance on the Vehicle, as permitted by law. If a balance remains due, you promise to pay it when we make demand. After we accelerate the unpaid Principal balance, you will pay interest on what you still owe us at the rate of Finance Charge shown in this Agreement, until you pay us all that you owe, or until judgment is entered in our favor. Our remedies are cumulative, and our taking any action will not be deemed a waiver of or prohibited against us taking any other action.

**Extensions or Deferrals:** We may agree from time to time to extend or defer payments or amounts you owe us. If we do so, such extension or deferral does not mean we must or will extend or defer any other payment, and does not affect your liability for what you owe.

**Maximum Rate Permitted by Law:** We do not intend to charge or collect any interest or another fee or charge that is more than the maximum amount permitted for this loan by applicable state or federal law. If you pay finance charge or another fee or charge that is in excess of any such maximum amount as determined by final judgment of a court, we will instead apply the amount of the excess first to reduce the outstanding balance of your loan and then to accrued but unpaid fees and charges, and then refund the remainder (if any) to you.

**Power of Attorney:** Until you have paid us all that you owe us, You hereby appoint us, and any one of our designated officers or employees, as your attorney-in-fact, with full power of substitution, to sign in your name any and all applications for certificate of ownership to secure our lien in the Vehicle, and any affidavits or the certificate of ownership to transfer and convey the title or our interest in the Vehicle.

**Other Terms:** If we agree to an extension of the due date for payment, agree to extend or defer payment(s) you owe us, accept money in amounts less than is due, or waive a right we have, our doing so will not be a waiver of any other right or later right to enforce the terms of this Agreement. If any provision of this Agreement is held invalid, the remaining provisions will continue to be valid and enforceable. You waive the right to presentment, protest notice of dishonor and notice or protest. If the Department of Motor Vehicle Filing Fee is more than the amount shown above, you will pay the difference to us upon demand. If it is less, we will refund the difference to you. **You must notify us of any change of your name, residential address, telephone number, or employment within 30 days.** Louisiana law permits repossession of motor vehicles without judicial process.

**Confidentiality and Credit Reporting:** We will abide by our Privacy Policy. We may report your payment experience with us to credit reporting agencies and others wwho may lawfully receive that information. **Late payments, missed payments, or other defaults on your account may be reflected in your credit report.** By signing this Agreement, you waive the confidentiality under the provisions of California Vehicle Code Section 1808.21 and authorize us to obtain from the California Department of Motor Vehicles your current residence address, until we are paid in full.

CA Loanmart English v4.7    Borrower's Initials _J.J.V._  Co-Borrower's Initials _____    Page 2 of 4

"A"
Exhibit Page _19_ of _27_

**Borrower's Acknowledgements and Warranties:** You warrant that you have the right to enter into this Agreement and that you are at least eighteen (18) years of age.

**Severability:** Each provision of this Agreement shall be considered severable. If for any reason any provision or provisions herein are determined to be invalid and contrary to any existing or future law, such as invalidity shall not impair the operation of or affect those portions of this Agreement which are valid and those provisions shall remain in full force and effect.

**Governing Law:** This loan is governed by California Law. This loan is not subject to California's usury limit, Cal Const. art. XV, Section 1. If the Total Amount Financed is a bona fide principal amount of more than $2,500, this loan is not subject to the rate limitations in the California Finance Lenders Law. This loan is made pursuant to the California Finance Lenders Law, Division 9 (commencing with Section 22000) of the Financial Code.

## ARBITRATION AGREEMENT
## AND WAIVER OF CLASS ACTION PARTICIPATION

THIS ARBITRATION AGREEMENT MAY SUBSTANTIALLY LIMIT OR AFFECT YOUR RIGHTS. PLEASE READ IT CAREFULLY! KEEP A COPY OF THIS ARBITRATION AGREEMENT FOR YOUR RECORDS.

Arbitration is a process in which persons with a dispute: (a) waive their rights to file a lawsuit and proceed in court and to have a jury trial to solve their disputes; and (b) agree, instead, to submit their disputes to a neutral third person ( an "arbitrator") for a decision. Each party to the dispute has an opportunity to present some evidence to the arbitrator. Pre-arbitration discovery may be limited. Arbitration proceedings are private and less formal than court trials. Upon the election of any party to this Agreement to compel arbitration as further described in Paragraph 2 below, an arbitrator will issue a final and binding decision resolving the dispute, which may be enforced as a court judgment. A court rarely overturns an arbitrator's decision. THEREFORE, YOU AND LENDER ACKNOWLEDGE AND AGREE AS FOLLOWS:

1. **Broad Definition of "Dispute":** For purposes of this Agreement, the words "dispute" and "disputes" are given the broadest possible meaning and include, without limitation, (a) all Federal or State law claims, disputes or controversies, arising from or relating directly or indirectly to the loan application, this Agreement (including this Arbitration Agreement and its validity) and the fees charged, or any prior agreement or agreements between you and Lender; (b) all counterclaims, cross-claims, and third party claims; (c) all common law claims based upon contract, tort, fraud and other intentional torts; (d) all claims based upon a violation of any State or Federal Constitution, statute or regulation; (e) all claims asserted by Lender against you, including claims for money damages to collect any sum Lender claims you owe Lender; (f) all claims asserted by you individually, as a private attorney general, as a representative and/or member of a class of persons, or in any other representative capacity, against Lender and/or any of Lender's employees, agents, officers, shareholders, members, directors, assignees, managers, governors, brokers or affiliated entities (hereinafter collectively referred to as "Related Third Parties"), including claims for money damages and/or equitable or injunctive relief. The words "dispute" and "disputes" do not mean an action subject to the jurisdiction of a small claims tribunal, as further described in Paragraph 8 below.

2. **Any Party Can Demand Arbitration:** Any party to a dispute, including Related Third Parties, may send the other party written notice by certified mail, return receipt requested, of their intent to arbitrate and setting forth the subject of the dispute along with the relief requested, even if a lawsuit has been filed. All doubts about whether to arbitrate a dispute shall be resolved in favor of arbitration.

3. **How to Choose and Contact an Arbitrator:** Regardless of who demands arbitration, you shall have the right to select any of the following arbitration organizations to administer the arbitration: the American Arbitration Association (Tel. (800) 778-7879 or www.adr.org) or JAMS (Tel. (800) 352-5267 or www.jamsadr.com) or ARC (Tel. (800) 347-4512 or www.arc4adr.com). However, the parties may agree to select a local arbitrator who is an attorney, retired judge, or arbitrator registered and in good standing with an arbitration association, and arbitrate pursuant to such arbitrator's rules. If you demand arbitration, you must inform Lender in your demand of the arbitration organization you have selected or whether you desire to select a local arbitrator. If Related Third Parties or Lender demand(s) arbitration, you must notify Lender within twenty (20) days in writing by certified mail, return receipt requested, of your decision to select an arbitration organization or your desire to select a local arbitrator. If you fail to notify Lender or Related Third Parties, whichever demanded arbitration, then the party demanding arbitration has the right to select an arbitration organization. The parties to such dispute will be governed by the rules and procedures of such arbitration organization applicable to consumer disputes; to the extent those rules and procedures do not contradict the express terms of this Agreement, including the limitations on the arbitrator below. You may obtain a copy of the rules and procedures by contacting the arbitration organization at the telephone numbers or websites listed above.

4. **Payment of Fees and Expenses:** If you demand arbitration, then, at your request, Lender or Related Third Parties, as applicable, will advance your portion of the expenses associated with the arbitration, including the filing, administrative, hearing and arbitrator's fee ("Arbitration Fees"). If Related Third Parties or Lender demand(s) arbitration, then, at your request, Lender or Related Third Parties, as applicable, will advance your portion of the Arbitration Fees. The arbitration hearing will be conducted in the county of your residence, or in the county in which the transaction under this Agreement occurred, or in such place as shall be ordered by the arbitrator in accordance with applicable law. Except as may be awarded by the arbitrator pursuant to Paragraph 7 below, each party shall bear his or her or its own attorneys' fees and expenses through the arbitration, such as witness and expert witness fees.

5. **WAIVER OF ABILITY TO PURSUE OR PARTICIPATE IN CLASS ACTIONS:** THE PARTIES AGREE THAT ALL DISPUTES SHALL BE RESOLVED ONLY ON AN INDIVIDUAL BASIS. IF ARBITRATION IS DEMANDED BY ANY PARTY WITH RESPECT TO A DISPUTE, THE ARBITRATOR SHALL NOT CONDUCT CLASS ARBITRATION; THAT IS, THE ARBITRATOR SHALL NOT ALLOW YOU TO SERVE AS A CLASS REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY FOR OTHERS IN THE ARBITRATION. IF ARBITRATION IS NOT DEMANDED BY ANY PARTY TO A DISPUTE AND THE DISPUTE IS SUBJECT TO RESOLUTION IN A COURT OF LAW, THE COURT SHALL NOT CONDUCT A CLASS ACTION; THAT IS, THE JUDGE SHALL NOT ALLOW YOU TO SERVE AS A CLASS REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY FOR OTHERS IN THE LAWSUIT. IN OTHER WORDS, THE PARTIES MAY NOT BRING A CLASS ACTION LAWSUIT OR CLASS ARBITRATION AND MAY NOT PARTICIPATE IN A CLASS ACTION LAWSUIT OR CLASS-WIDE ARBITRATION AS A CLAIMANT. CLAIMS BROUGHT BY ANY BORROWER MAY NOT BE JOINED TO CLAIMS BROUGHT BY ANOTHER BORROWER IN A COURT OF LAW OR IN ARBITRATION.

6. **Rules Applicable to the Arbitration:** The arbitrator shall apply applicable substantive law consistent with the Federal Arbitration Act, 9 U.S.C. Sections 1 - 16 ("FAA"), shall apply statutes of limitation and shall honor claims of privilege recognized at law. The arbitrator may decide, with or without a hearing, any motion that is substantially similar to a motion to dismiss for failure to state a claim or a motion for summary judgment. In conducting the arbitration proceeding, the arbitrator shall not apply any Federal or State rules of civil procedure or evidence. Except as limited in this Agreement, the arbitrator shall have the authority to award any legal or equitable remedy or relief that a court in the State of California could order or grant. If allowed by statute or applicable law, the arbitrator may award the prevailing party expert witness fees, statutory damages and/or reasonable attorneys' fees and expenses. Regardless of whether the arbitrator renders a decision or an award in your favor resolving the dispute, you will not be responsible for reimbursing Lender for any portion of the Arbitration Fees advanced by Lender. At the timely request of any party, the arbitrator shall provide a written explanation for the award. The arbitrator's award may be filed with any court having jurisdiction.

7. **Punitive Damages:** The parties agree that they are waiving any right they may have to seek or recover punitive damages in any dispute. The arbitrator will therefore not have any power or authority to award punitive damages.

8. **Small Claims Exception and Limitations:** You and Lender retain any rights to self-help remedies, such as repossession. Neither you nor Lender waive the right to arbitrate by using self-help remedies or filing suit. All parties, including Related Third Parties, shall retain the right to seek adjudication in a small claims tribunal for claims within the scope of such tribunal's jurisdiction. Any claim which cannot be adjudicated within the jurisdiction of a small claims tribunal is subject to resolution by binding arbitration upon election by any party to this Agreement as set forth herein. Any appeal of a judgment from a small claims tribunal shall be resolved by binding arbitration.

CA Loanmart English v4.7      Borrower's Initials _7./. V._   Co-Borrower's Initials _____      Page 3 of 4

"A"
Exhibit Page __20__ of __27__

9. **Acknowledgment:** You acknowledge and agree by entering into this Agreement, that Lender or any Related Third Party can compel you to arbitrate any dispute. If Lender or any Related Third Party chooses arbitration, you acknowledge and agree that: (a) **YOU ARE WAIVING YOUR RIGHT TO HAVE A COURT, OTHER THAN A SMALL CLAIMS TRIBUNAL, RESOLVE ANY DISPUTE ALLEGED AGAINST LENDER OR RELATED THIRD PARTIES; AND (b) YOU ARE WAIVING YOUR RIGHT TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL OR IN ANY OTHER REPRESENTATIVE CAPACITY, OR TO PARTICIPATE AS A MEMBER OF A CLASS OF CLAIMANTS, IN ANY LAWSUIT FILED AGAINST LENDER AND/OR RELATED THIRD PARTIES.**

10. **Application of Federal Arbitration Act:** The parties agree that the loan involves interstate commerce and that this Arbitration Agreement is subject to the FAA. If a final non-appealable judgment of a court having jurisdiction over this transaction finds for any reason that the FAA does not apply to this transaction, then this Arbitration Agreement shall be governed by the arbitration law of your state of residence.

11. **OPT-OUT PROCESS:** You may choose to opt-out of this Arbitration Agreement but only by following the process set forth below. If you do not wish to be subject to this Arbitration Agreement, then you must notify us in writing within sixty (60) calendar days of the date of the Agreement at the following address: LoanMart, 15821 Ventura Blvd., Suite 280, Encino, CA 91436, Attention: Legal Department. Your written notice must include your name, address, social security number, the date and loan number of this Agreement, and a statement that you wish to opt-out of the Arbitration Agreement. Your opt-out notice MUST be sent by certified mail, return receipt requested. If this Agreement is not your first transaction with us and you provide us the appropriate opt-out notice, then your decision to opt-out will also apply to all your previous transactions with us.

12. **Binding Agreement:** This ARBITRATION AGREEMENT, INCLUDING WAIVER OF CLASS ACTION PROVISION, is binding upon and benefits you, your respective heirs, successors, assigns and related third parties. This Arbitration Agreement continues in full force and effect, even if your obligations have been paid or discharged through bankruptcy. This Arbitration Agreement survives any termination, amendment, expiration, or performance of a transaction between you, Lender and/or Related Third Parties and continues in full force and effect unless you, Lender and/or Related Third Parties otherwise agree in writing.

13. **Save rability:** If it is determined that any paragraph or provision in this arbitration agreement is invalid, illegal or unenforceable, such illegality, invalidity or unenforceability will not affect the other paragraphs and provisions of this arbitration agreement. The remainder of this arbitration agreement will continue in full force and effect as if the severed paragraph or provision had not been included.

**THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES. BY SIGNING BELOW, YOU AGREE THAT YOU REVIEWED AND AGREED TO THIS ARBITRATION AGREEMENT PROVISION, INCLUDING WAIVER OF CLASS ACTION PARTICIPATION.**

Borrower's Signature: _7A 7. V 1._                   Date: __03/13/2015__

Co-Borrower's Signature: _____           Date: __03/13/2015__


**FOR INFORMATION, CONTACT THE DEPARTMENT OF BUSINESS OVERSIGHT, STATE OF CALIFORNIA.**

**Broker.** A broker has not performed any act in connection with the making of this loan unless the following box is checked:
☒ Broker has participated.
Broker License No: 6038193
Name of Broker: Wheels Financial Group, LLC dba LoanMart
Amount received or to be received by Broker: $0.00

**By providing us your wireless (cell) telephone number, you expressly consent to receiving telephone calls from us concerning your loan, including calls to collect what you owe. Live calls may be made by one of our employees. Calls may also be made by a prerecorded, autodialed voice or text message. Your consent covers all types of calls. We do not charge you for such calls. Your wireless carrier will charge you for our incoming calls and text messages according to your plan.**

By signing this Agreement, you hereby give express consent for LoanMart to act on your behalf and opt you out of prescreen lists using the online opt-out service at www.optoutprescreen.com. Additionally, by signing this Agreement, you expressly consent for LoanMart to opt you out of the prescreen lists for the 5-year opt-out option, and acknowledge that this is a benefit to you, as it will prevent you from receiving pre-approved offers of credit and insurance by companies who have bought your name and information from the credit reporting companies. It may take up to 5 days for the information to be updated and the opt-out service is effective with Equifax, Experian, Innovis and TransUnion.

**You acknowledge that you have read and received a completely filled-in copy of this Agreement.**

You are hereby notified that this loan has been assigned to Wheels Financial Group, LLC dba LoanMart. All future notices and collection notices will come from LoanMart. Please make sure to make all future payments and direct all questions or correspondence to: LoanMart, 15821 Ventura Blvd Ste. 280, Encino, CA 91436, (818) 285-1840 pursuant to the terms of this agreement.

Borrower's Signature         X _7A 7. V d._         Date: _03/13/2015_
Co-Borrower's Signature      X _____    Date: _03/13/2015_
Lender: Continental Currency Services, Inc.  X _____  Date: _03/13/2015_
dba CCS

| BORROWER'S THUMBPRINT | Co-BORROWER'S THUMBPRINT |
|---|---|
| | |

The within instrument or agreement is pledged as collateral to Macquarie Bank Limited, as agent for various financial institutions.