| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Matthew D. Resnik, Esq. (SBN 182562)<br>RESNIK HAYES MORADI, LLP<br>510 W. 6th Street, Ste 1220<br>Los Angeles, CA 90014<br>(213) 572-0800 Fax: (213) 572-0860<br><br>matt@rhmfirm.com<br><br>☐ *Individual appearing without attorney*<br>☑ *Attorney for:* Debtor | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>Eduardo Enrique Vallejo<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO: 2:19-bk-21271-SK<br><br>CHAPTER   13<br><br>**NOTICE OF MOTION AND MOTION IN INDIVIDUAL CASE FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE**<br><br>(with supporting declarations)<br><br>DATE:   October 16, 2019<br>TIME:   8:30 am<br>COURTROOM:  1575<br>PLACE:  255 E. Temple Street<br>            Los Angeles, CA 90012 |

**Movant:** Eduardo Enrique Vallejo

1. NOTICE IS HEREBY GIVEN to Bank of America, N.A., Caliber Home Loans, Wheels Financial Group, LLC dba Loan Mart (Secured Creditor/Lessor), trustee (if any), and affected creditors (Responding Parties), their attorneys (if any), and other interested parties that on the above date and time and in the stated courtroom, Movant in the above-captioned matter will move this court for an order imposing a stay or continuing the automatic stay as to certain creditors and actions described in the motion on the grounds set forth in the attached motion.

2. **Hearing Location:**

    ☑ **255 East Temple Street, Los Angeles, CA 90012**       ☐ 411 West Fourth Street, Santa Ana, CA 92701
    ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367        ☐ 1415 State Street, Santa Barbara, CA 93101
    ☐ 3420 Twelfth Street, Riverside, CA 92501

3. a. ☐ This Motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response to this motion with the court and serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above no less

than 14 days before the above hearing and appear at the hearing of this motion.

b. ☑ This motion is being heard on SHORTENED NOTICE. If you wish to oppose this motion, you must appear at the hearing. Any written response or evidence must be filed and served: ☐ at the hearing ☑ at least __7__ days before the hearing.

   (1) ☑ An Application for Order Setting Hearing on Shortened Notice was not required (according to the calendaring procedures of the assigned judge).

   (2) ☐ An Application for Order Setting Hearing on Shortened Notice was filed per LBR 9075-1(b) and was granted by the court and such motion and order has been or is being served upon the appropriate creditor(s) and trustee, if any.

   (3) ☐ An Application for Order Setting Hearing on Shortened Notice has been filed and remains pending. Once the court has ruled on that motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

4. You may contact the Clerk's Office or use the court's website (www.cacb.uscourts.gov) to obtain a copy of an approved court form for use in preparing your response (optional court form F 4001-1.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

5. If you fail to file a written response to the motion or fail to appear at the hearing, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Date:  October 1, 2019

RESNIK HAYES MORADI, LLP.
Printed name of law firm (if applicable)

Matthew D. Resnik
Printed name of individual Movant or attorney for Movant

/s/ Matthew D. Resnik
Signature of individual Movant or attorney for Movant

# MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE

**Movant:** Eduardo Enrique Vallejo

1. **The Property or Debt at Issue:**
    a. ☑ Movant moves for an order imposing a stay with respect to the following property (Property):
       ☑ Vehicle *(describe year, manufacturer, type, and model)*: 1974 Alfa Romeo Spider
          Vehicle Identification Number:
          Location of vehicle *(if known)*:

       ☑ Vehicle *(describe year, manufacturer, type, and model)*: 2000 Nissan Maxima
          Vehicle Identification Number:
          Location of vehicle *(if known)*:

       ☐ Other Personal Property *(describe type, identifying information, and location)*:

       ☑ Real Property
          Street Address: 508 N. California Street
          Apt./Suite No.:
          City, State, Zip Code: Burbank, CA 91505
          Legal description or document recording number(include county of recording):

       ☐ See attached continuation page

    The following creditor(s) have a security interest or unexpired lease in this Property (give full name and address of creditor) Bank of America, N.A. and Caliber Home Loans to secure the sum of approximately $ 530,274.03 now owed. (Secured Creditor/Lessor). Additional creditors who are the subject of this motion, and their respective claims, addresses and collateral, are described on the continuation sheets attached. *(Attach additional sheets as necessary)*

    b. ☐ Movant moves for an order **imposing a stay** with respect to *any and all actions* against the Debtor and the estate taken concerning the debt/lease owed to the *Secured Creditors/Lessors* as described in this motion; and/or

    c. ☐ Movant moves for an order **imposing a stay** as to *all creditors.*

    d. ☑ Movant moves for an order **continuing the automatic stay** with respect to any and all actions against the Debtor and the estate taken concerning the debt/lease owed to the *Secured Creditor/Lessor*, and/or

    e. ☐ Movant moves for an order **continuing the automatic stay** as to *all creditors*.

2. **Case History:**
    a. ☑ A voluntary    ☐ An involuntary petition concerning an individual[s] under chapter    ☐ 7    ☐ 11    ☐ 12
       ☑ 13 was filed concerning the present case on *(specify date)*: 9/24/19

    b. ☐ An Order of Conversion to Chapter    ☐ 7    ☐ 11    ☐ 12    ☐ 13 was entered on *(specify date)*:

    c. ☐ Plan was confirmed on *(specify date)*:

d. ☑ Other bankruptcy cases filed by or against this Debtor have been pending within the past year preceding the petition date in this case. These cases and the reasons for dismissal are:

1. Case name: Eduardo Enrique Vallejo
   Case number: 2:16-bk-16833-SK           Chapter: 13
   Date Filed: 5/23/16                     Date dismissed: 10/25/18
   Relief from stay re this Property       ☑ was         ☐ was not granted
   Reason for dismissal: The Debtor was dismissed for failure to make plan payments.

2. Case name:
   Case number:                            Chapter:
   Date Filed:                             Date dismissed:
   Relief from stay re this Property       ☐ was         ☐ was not granted
   Reason for dismissal:

☐ See attached continuation page

e. ☐ As of the date of this motion the Debtor ☐ has ☐ has not filed a statement of intentions regarding this Property as required under 11 U.S.C. §521(a)(2). If a statement of intentions has been filed, Debtor ☐ has ☐ has not performed as promised therein.

f. ☑ The first date set for the meeting of creditors under 11 U.S.C §341(a) is/was _11/1/19_ and the court ☐ has ☑ has not fixed a later date for performance by Debtor of the obligations described at 11 U.S.C.§521(a)(2). The extended date *(if applicable)* is __.

g. ☑ In a previous case(s), as of the date of dismissal there was:
   ☐ an action by the Secured Creditor/Lessor under 11 U.S.C. §362(d) still pending or
   ☑ such action had been resolved by an order terminating, conditioning or limiting the stay as to such creditor.

3. The equity in the property is calculated as follows:

a) 1. Property description/value: 508 N. California Street, Burbank, CA 91505        $ 750,000.00
   2. Creditor/Lien amount: Caliber Home Loans                                       $ 277,565.64
   3. Creditor/Lien amount: Bank of America, N.A.                                    $ 252,708.39
   4. Creditor/Lien amount:__                                                        $__
   5. Creditor/Lien amount:__                                                        $__
   6. Total Liens                                                                    $ 530,274.03
   7. Debtor's Homestead Exemption                                                   $ 100,000.00
   8. Equity in the Property (subtract lines 6 and 7 from line 1 and enter here)     $ 119,725.7

b) 1. Property description/value: 1974 Alfa Romeo Spider                             $ 1,000.00
   2. Creditor/Lien amount: Wheels Financial Group, LLC dba Loan Mart                $ 29,264.00
   3. Creditor/Lien amount:__                                                        $__
   4. Creditor/Lien amount:__                                                        $__
   5. Creditor/Lien amount:                                                          $__
   6. Total Liens                                                                    $ 29,264.00
   7. Debtor's Homestead Exemption                                                   $ 1,000.00
   8. Equity in the Property (subtract lines 6 and 7 from line 1 and enter here)     $ 0

c) 1. Property description/value: 2000 Nissan Maxima                                 $ 900.00
   2. Creditor/Lien amount: Wheels Financial Group, LLC dba Loan Mart                $ 6,031.77
   3. Creditor/Lien amount:__                                                        $__

4. Creditor/Lien amount:__  $__
5. Creditor/Lien amount:  $__
6. Total Liens  $ 6,031.77
7. Debtor's Homestead Exemption  $ 900.00
8. Equity in the Property (subtract lines 6 and 7 from line 1 and enter here)  $ 0

☐ See attached continuation page

4. **Grounds for Continuing the Stay:**

   a. ☑ Pursuant to 11 U.S.C. § 362(c)(3) the stay should be continued on the following grounds:

      1. ☑ The present case was filed in good faith notwithstanding that a prior single or joint case filed by or against the individual Debtor which was pending within the year preceding the petition date was dismissed, because:

         A. ☐ The prior dismissal was of a case not refiled under chapter 7 after dismissal under 11 U.S.C.§707(b);
         B. ☑ Good faith is shown because  The Debtor was dismissed in his previous case for failure to make plan payments. The Debtor was offered a loan modification by his lender and his lender asked him to be out of the bankruptcy in order to finalize it. The Debtor stopped making his payments, the case was dismissed and the lender finalized the loan modification.

         ☐ See attached continuation page

      2. ☑ The Property is of consequential value or benefit to the estate because:

         A. ☐ The fair market value of the Property is greater than all liens on the Property as shown above in paragraph 3 and as supported by declarations attached *(describe separately as to each property);*.

         B. ☑ The Property is necessary to a reorganization for the following reasons:  This is the Debtor's primary residence.

         ☐ See attached continuation page

         C. ☐ The Secured Creditor/Lessor's interest can be adequately protected by (describe Movant's proposal for adequate protection:) __

         ☐ See attached continuation page

      3. ☐ The presumption of a bad faith filing under 11 U.S.C.§362(c)(3)(C)(i) is overcome in this case as to *all creditors* because:

         A. ☐ The prior dismissal was pursuant to the creation of a debt repayment plan. 11 U.S.C.§362(i);
         B. ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting in dismissal was excusable because such failure was caused by the negligence of Debtor's attorney;
         C. ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting dismissal was excusable because __

         ☐ See attached continuation page

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012    Page 5    F 4001-1.IMPOSE.STAY.MOTION

D. ☐ Debtor's failure to provide adequate protection as ordered by the court in the prior case is excusable because __

☐ See attached continuation page

E. ☐ Debtor's failure to perform the terms of a confirmed plan in the prior case is excusable because __

☐ See attached continuation page

F. ☐ There has been a substantial change in the personal or financial affairs of the Debtor since the dismissal of the prior case(s) as follows: __

From this, the court may conclude that this case, if a case under chapter 7, will result in a discharge or, if under chapter 11 or 13, in a confirmed plan that will be fully performed.

☐ See attached continuation page

G. ☐ For the following additional reasons __

☐ See attached continuation page

4. ☑ The presumption of a bad faith filing as to the Secured Creditor/Lessor under 11 U.S.C.§362(c)(3)(C)(ii) is overcome in this case because  Now, the Debtor will be proposing a 100% plan to pay back the past due on his second mortgage and his car debt. The Debtor is confident that if given the opportunity he can pay his creditors and receive his Chapter 13 discharge.

☐ See attached continuation page

5. **Grounds for Imposing a Stay:**
   a. ☐ Pursuant to 11 U.S.C.§362(c)(4) this case was filed in good faith and grounds exist for imposing a stay as follows:
      1. ☐ The Property is of consequential value or benefit to the estate because the fair market value of the Property is _____ greater than all liens on the property as shown above in paragraph 3 and as supported by declarations attached.

      2. ☐ The Property is of consequential value or benefit to the estate because the Property is necessary to a reorganization for the following reasons: __.

      ☐ See attached continuation page

      3. ☐ The Secured Creditor/Lessor's interest can be adequately protected by (describe Movant's proposal for adequate protection): __

☐ See attached continuation page

b. ☐ The present case was filed in good faith notwithstanding that the prior single or joint cases filed by or against the individual Debtor pending within the year preceding the petition date were dismissed, because:

1. ☐ The prior dismissal was of a case not refiled under chapter 7 after dismissal under 11 U.S.C.§707(b);

2. ☐ Good faith is shown because __

☐ See attached continuation page

c. ☐ The presumption of a bad faith filing under 11 U.S.C.§362(c)(4)(D)(i) is overcome in this case as to *all creditors* because:

1. ☐ Debtor had a substantial excuse in failing to file or amend the petition or other documents as required by the court or Title 11 of the United States Code, resulting in the prior dismissal(s) as follows: __

☐ See attached continuation page

2. ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting dismissal was as the result of the negligence of Debtor's attorney;

3. ☐ Debtor's failure to provide adequate protection as ordered by the court in the prior case is excusable because __

☐ See attached continuation page

4. ☐ Debtor's failure to perform the terms of a confirmed plan in the prior case is excusable because __

☐ See attached continuation page

5. ☐ There has been a substantial change in the personal or financial affairs of the Debtor since the dismissal of the prior case(s) as follows: __

(from which the Court may conclude that this case, if a case under chapter 7, may be concluded with a discharge or, if under chapter 11 or 13, with a confirmed plan that will be fully performed).

☐ See attached continuation page

6. ☐ For the following additional reasons __

☐ See attached continuation page

7. ☐ The presumption of bad faith as to the Secured Creditor/Lessor under 11 U.S.C.§362(c)(4)(D)(ii) is overcome in this case because __

☐ See attached continuation page

6. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto).*

a. ☐ Movant submits the attached Declaration(s) on the court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to LBRs.
b. ☑ Other Declaration(s) are also attached in support of this Motion
c. ☐ Movant requests that the court consider as admissions the statements made by Debtor under penalty of perjury

concerning Movant's claims and the Property set forth in Debtor's(s') Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit __.

d. ☐ Other evidence *(specify)*: __

7. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this Court issue an Order Imposing a Stay and granting the following** *(specify forms of relief requested)*:

1. ☐ That the Automatic Stay be continued in effect as to all creditors until further order of the court.

2. ☑ That the Automatic Stay be continued in effect as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

3. ☐ That the Automatic Stay be continued in effect as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

4. ☐ That a Stay be imposed as to all creditors until further order of the court..

5. ☐ That a Stay be imposed as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

6. ☐ That a Stay be imposed as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

7. ☐ For adequate protection of the Secured Creditor/Lessor by *(specify proposed adequate protection)* __

8. ☐ For other relief requested, see attached continuation page.

Date: October 1, 2019

Respectfully submitted,
Eduardo Enrique Vallejo
Movant Name
RESNIK HAYES MORADI, LLP.
Firm Name of attorney for Movant (if applicable)

/s/ Matthew D. Resnik
Signature
Matthew D. Resnik
Printed Name of Individual Movant or Attorney for Movant

## DECLARATION OF MOVANT

I Matthew Resnik , am the Attorney of Movant. I have read the foregoing motion consisting of 9 pages, and the attached materials incorporated therein by reference. If reference is made to balances owing, my testimony regarding same is based upon the business records of Movant kept in the ordinary course of business of Movant by persons whose responsibility it is to accurately and faithfully record information as to the Debtor's account on or near the date of events recorded. I am one of the custodians of such business records.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 1, 2019 | Matthew D. Resnik | /s/ Matthew D. Resnik |
|---|---|---|
| Date | Printed name of declarant | Signature |

## DECLARATION OF EDUARDO ENRIQUE VALLEJO
## IN SUPPORT OF MOTION TO CONTINUE THE AUTOMATIC STAY

I, Eduardo Enrique Vallejo, do hereby declare that all of the following is true and correct to the best of my personal knowledge and if called upon as a witness I could and would competently testify to the truthfulness of all of the below statements.

1. I am the Debtor in case number 2:19-bk-21271-SK. This case was filed on September 24, 2019.

2. I filed my case, case number: 2:16-bk-16833-SK on May 23, 2016, and my case confirmed on December 29, 2016. I was later dismissed on October 25, 2018 for failure to make all my required plan payments.

3. In my previous case I was able to obtain a loan modification while in the bankruptcy but my lender required me to dismiss the bankruptcy. I stopped making payments and my case was dismissed. Attached hereto and incorporated herein as Exhibit "A" is a true and correct copy of my loan modification.

4. Now, I have filed to pay back the arrears on my second mortgage which was not modified and my car debt. I am proposing a 100% plan that will pay my creditors in full. I am confident that if given the opportunity, I will be able to make all my required payments and receive my Chapter 13 discharge.

I declare under the penalty of perjury that the foregoing is true and correct and that this declaration is executed this 1st day of October 2019, at Los Angeles, California.

_____
Eduardo Enrique Vallejo

# EXHIBIT "A"

This document was prepared by: Caliber Home Loans Inc.

# LOAN MODIFICATION AGREEMENT
# 5 YEAR WITH STEP

**To the Borrower:** This Agreement contains changes in terms which affect your Loan secured by the Property identified below. This is a legal obligation and you should read and understand the terms of this Agreement before you sign it.

This Agreement (the "Agreement") is dated as of July 11, 2019, but effective as of the Modification Effective Date defined herein, by and between EDUARDO E VALLEJO (collectively, the "Borrower" or "you") and Caliber Home Loans, Inc. (the "Servicer"), on behalf of the current owner of your loan (the "Lender").

**RECITALS:**

A. Borrower has a mortgage loan, account number 9804913409 (the "Loan"). This loan is secured by property commonly referred to as 508 N CALIFORNIA ST, BURBANK, CA 91505 (the "Property").

B. Borrower signed the following documents in connection with the Loan:

- Note dated November 10, 2004 in the original amount of $315,000.00 (the "Note").

- Mortgage, Security Deed, or Deed of Trust on the Property, recorded in real property records of Los Angeles County, CA (the "Security Instrument"), with an original stated maturity date of September 1, 2047.

- The Note and the Security Instrument, together with all documents executed in relation to the Note and the Security Instrument, and in addition to any loan modification previously entered into by Borrower, are called the "Loan Documents".

C. Borrower has provided information to Servicer, and Borrower and Servicer want to modify the terms of the Note and Security Instrument.

In consideration of the foregoing Recitals and the terms, conditions, representations and warranties, and mutual covenants and agreements herein, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Borrower and Servicer (collectively, the "Parties"), mutually agree as follows:

1. **Conditions to Effectiveness of Agreement.**

   a. This Agreement will only be effective after Borrower signs and returns a signed original of this Agreement to Servicer on or before July 31, 2019.

   b. Lender will not be obligated or bound to make any modification of the Loan Documents if the Borrower fails to meet any one of the requirements under this Agreement.

2. **Modification of the Loan Documents**

   If the conditions of this Agreement are satisfied, then your Loan is modified as follows:

---

LOAN MODIFICATION AGREEMENT
5 YEAR WITH STEP

20190711191 0 2434-J20190225Y

9804913409
Cap Mod
Revised 01/19
Page 1 of 5



<u>Modification Period</u>: The payments on your loan will be modified from the effective date of the modification, which will be August 1, 2019 (the "Modification Effective Date"). You will pay the initial modified amount from the Modification Effective date until August 1, 2024 ("Initial Modification Period"). At the end of the Initial Modification Period, and beginning at Year 6, your interest rate and corresponding monthly principal and interest payment will increase in accordance with the table below until Year 2025, when your interest rate will remain fixed for the balance of the term of your Loan.

<u>Term Extension</u>: The term of the Note has been extended and the new maturity date of the Loan will be August 1, 2059.

<u>Combined Principal Balance</u>: On the Modification Effective Date, the Combined Principal Balance payable under the note is $331,107.51 (the "Combined Principal Balance"). This amount consists of unpaid and deferred interest, previously deferred amounts, fees, charges, escrow advances, and other costs, but excluding unpaid late charges, less any amounts paid to Servicer but not previously credited to my loan. I understand that by agreeing to add these amounts to the outstanding principal balance, the added amounts accrue interest based on the interest rate in effect under this Agreement unless those amounts are either deferred as non-interest bearing or forgiven as specified in this Agreement.

<u>Interest Bearing Principal Balance</u>: The Combined Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is $331,107.51.



<u>Modified Monthly Payment Amount</u>: You promise to make modified monthly payments in an amount set forth in the table below beginning on the First Modification Payment Date and ending on the Maturity Date.

The total modified monthly payment amount may include modified monthly principal and interest payments, any monthly escrow payments (to the extent Servicer will pay escrowed amounts), and monthly payments for Ancillary Amounts, as identified below.

<u>Modified Interest Rate</u>: Interest will be charged on the Modified Unpaid Principal Balance at a rate of 2% (the "Modified Interest Rate") beginning on Modification Effective Date. You will make modified monthly principal and interest payments based on the Modified Interest Rate as applied to the Modified Unpaid Principal Balance beginning on the First Modification Payment Date and ending on the end of the Initial Modification Period.

<u>Summary of the Initial Modification Period Payments:</u>

| | |
|---|---|
| Modified Unpaid Principal Balance: | $331,107.51 |
| Modified Interest Rate: | 2% |
| Modified Monthly Principal and Interest Payment: | $1,002.68 |
| Monthly Escrow Payment (Taxes and Insurance)*: | $292.40 |
| Total Modified Monthly Payment: | $1,295.08 |
| First Modification Payment Date: | September 1, 2019 |
| Maturity Date: | August 1, 2059 |

LOAN MODIFICATION AGREEMENT
5 YEAR WITH STEP

2019071119.1.0.2434-J20190225Y

9804913409
Cap Mod
Revised 01/19
Page 2 of 5

Interest Rate Change Table

| Years | Interest Rate | Interest Rate Change Date | Monthly Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 5 | 2% | 08/01/2019 | $1,002.68 Principal and Interest | $292.40 May adjust periodically | $1,295.08 May adjust periodically | 09/01/2019 | 60 |
| 1 | 3.00000% | 08/01/2024 | $1,164.88 Principal and Interest | May adjust periodically | May adjust periodically | 09/01/2024 | 12 |
| 34 | 3.82000% | 08/01/2025 | $1,304.38 Principal and Interest | May adjust periodically | May adjust periodically | 09/01/2025 | 408 |

*Your Monthly Escrow Payment is an amount calculated in accordance with the Loan Documents, and Federal and State law. This amount may change from time to time if escrow items (taxes and/or insurance) increase or decrease.

3. **Events of Default.** A default under the terms of this Agreement constitutes a default under the terms of the Loan Documents. All the rights and remedies, stipulations, and conditions contained in the Loan Documents relating to default in the making of payments under the Loan Documents shall also apply to default in the making of the modified payments hereunder.

4. **Additional Covenants and Agreements.**

    The Parties further agree to and acknowledge each of the following:

    A. All persons who signed the Loan Documents must sign this Agreement in person or by an authorized representative, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) Servicer has waived this requirement in writing. Borrower, by signing this Agreement, will be presumed to have read this Agreement and understand the terms of this Agreement.

    B. Borrower certifies that all documents and information Borrower has provided to Servicer in connection with this Agreement are true and correct, and Borrower agrees to be bound by the representations in the Loss Mitigation Application.

    I acknowledge that Servicer may be required to report any principal forgiveness to the IRS and that any tax liability arising out of that forgiveness shall be my responsibility. I further acknowledge that Servicer has recommended that I consult my own tax advisor to determine how this forgiveness impact my personal situation.

    C. This Agreement supersedes the terms of any modification, forbearance, trial period plan or other workout plan that Borrower may have or have had in the past with Servicer or any prior servicer.

    D. Except as specifically modified by this Agreement, the terms of the Loan Documents remain in full force and effect and are duly valid, binding agreements, enforceable in accordance with their

LOAN MODIFICATION AGREEMENT
5 YEAR WITH STEP

20190711191.0.2434-J20190225Y

9804913409
Cap Mod
Revised 01/19
Page 3 of 5



terms. This Agreement does not replace or release any terms in the Loan Documents, except as specifically modified by this Agreement. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents.

E. Borrower may not assign and no person may assume Borrower's rights under this Agreement or the Loan Documents without the prior written consent of the Servicer.

F. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

G. If Servicer makes advances for payment of taxes or insurance, accrues interest, or posts late or other fees or expenses to the Loan, each of which is permissible under the Loan Documents to add to amounts outstanding under the Note, between the date Servicer generates this Agreement and the date this Agreement is processed, then these amounts will become Deferred Amounts under the Loan Documents. Any addition of Deferred Amounts or offset of advances pursuant to this section will be reflected on Borrower's periodic statement. Deferred Amounts do not accrue interest. The Deferred Amounts will be due at the earlier of payment in full of the Note, acceleration, or the Maturity Date. If you sell the Property or refinance the Loan, you will be required to pay this Deferred Amount in addition to any other amounts due at that time. Otherwise, these amounts are due on the Maturity Date and are required to be paid at or before that time. This means that if you make all the payments required by this Agreement, you will still owe the Deferred Amount to Servicer. The Deferred Amount may result in a significantly higher monthly payment on the Maturity Date.

H. Borrower will execute such other documents or papers as may be reasonably necessary or required to either (i) consummate the terms and conditions of this Agreement, or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. Borrower understands that either a corrected Agreement or a letter agreement containing the correction will be provided to Borrower for Borrower's signature. At the option of the Lender, if Borrower elects not to sign any such corrective documentation, the terms of the operative Loan Documents will continue in full force and effect, and such terms will not be modified by this Agreement.

I. This Agreement constitutes notice that any waiver by Servicer as to payment of taxes, insurance and other escrow items has been revoked. Borrower agrees and understands that Borrower will be required to pay certain escrow amounts as required by Servicer in accordance with applicable Federal and state law.

5. **No Waiver.**

Except as specifically provided herein, the Security Instrument shall remain unaltered and in full force and effect and is hereby ratified and confirmed by the Parties hereto. This Agreement shall not constitute a novation of the Security Instrument. The execution, delivery and effectiveness of this Agreement shall not,

LOAN MODIFICATION AGREEMENT
5 YEAR WITH STEP

20190711119.1.0.2434-J20190225Y

9804913409
Cap Mod
Revised 01/19
Page 4 of 5



except as expressly provided herein, operate as a waiver of any right, power or remedy of any party under the Security Instrument.

To the extent Servicer may deem it necessary, Borrower will cooperate with Servicer to the extent any filing or action is required in Borrower's Bankruptcy Case in order to (a) obtain approval of this agreement (b) modify Borrower's bankruptcy plan (if Borrower is in a Chapter 13 bankruptcy) or (c) amend the proof of claim filed by Servicer with respect to this debt. If you are presently subject to a proceeding in Bankruptcy Court, the terms of this Agreement may be subject to Court approval in your jurisdiction. If Court approval is required in your jurisdiction, and the Court denies this Agreement, your Loan will revert to the terms in effect immediately prior to this Agreement, and will remain in full force and effect.

**THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge: If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect debt but is sent for informational purposes only.

Whereof, Servicer and Borrower have executed this Modification Agreement as of the dates indicated below

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Agreement:

**Borrower**

_____  7/16/19
**EDUARDO E VALLEJO**         Date

**Lender**

Caliber Home Loans, Inc.

_____  AUG 07 2019
                               Date

Account Number: 9804913409

LOAN MODIFICATION AGREEMENT
5 YEAR WITH STEP

2019071119.1.0.2434-J20190225Y

9804913409
Cap Mod
Revised 01/19
Page 5 of 5

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**  CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of __Los Angeles__

On __07/16/2019__ before me, __AKBAR SOROUSH Notary Public__,
     Date                             Here Insert Name and Title of the Officer

personally appeared __EDUARDO ENRIQUE VALLEJO__
                          Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

[Notary Seal: AKBAR SOROUSH, Notary Public - California, Los Angeles County, Commission # 2215812, My Comm. Expires Oct 15, 2021]

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature __Akbar S.__
                    Signature of Notary Public

*Place Notary Seal and/or Stamp Above*

──────── **OPTIONAL** ────────

*Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: __Loan Modification Agreement__
Document Date: __07/11/2019__    Number of Pages: __5__
Signer(s) Other Than Named Above: __∅__

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Corporate Officer – Title(s): _____
☐ Partner – ☐ Limited ☐ General
☑ Individual     ☐ Attorney in Fact
☐ Trustee     ☐ Guardian of Conservator
☐ Other: _____
Signer is Representing: _____

Signer's Name: _____
☐ Corporate Officer – Title(s): _____
☐ Partner – ☐ Limited ☐ General
☐ Individual     ☐ Attorney in Fact
☐ Trustee     ☐ Guardian of Conservator
☐ Other: _____
Signer is Representing: _____

©2017 National Notary Association

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
510 W. 6th Street
Ste 1220
Los Angeles, CA 90014

A true and correct copy of the foregoing document entitled (*specify*): __Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate__ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On _10/2/2019_, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Kathy Dockery: efiling@latrustee.com
UST: ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On _10/2/19_, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
Eduardo Vallejo
508 N. California Street
Burbank, CA 91505

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _10/2/19_, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Judge's Copy
Hon. Judge Sandra Klein
255 E. Temple Street, Ctrm 1575
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 2, 2019 | Max Bonilla | *(signature)* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

Creditors:

Bank of America, N.A. (Overnight USPS)
400 National Way/BK Dept
Mail Stop CA6--919-01-23
Simi Valley, CA 93065

Bank of America, N.A. (Overnight USPS)
100 North Tryon Street
Charlotte, NC 28202
Attn: Mr. Brian Moniyhan, CEO

Bank of America, N.A. (Overnight USPS)
CT Corporation System
818 West Seventh Street, Suite 930
Los Angeles, CA 90017

Caliber Home Loans (Overnight USPS)
P.O. Box 650856
Dallas, TX 75265

Wheels Financial Group, LLC dba Loan Mart (Overnight USPS)
15400 Ventura Blvd #170
Van Nuys CA 91406-0000
Attn: Officer

Caliber Home Loans, Inc. (Overnight USPS)
CT Corporation System
818 West Seventh Street, Suite 930
Los Angeles, CA 90017

Caliber Home Loans, Inc (Overnight USPS)
3701 REGENT BLVD., SUITE 200
IRVING TX 75063
Attn: Officer

Sheryl Noel, Esq. (Overnight USPS)
Coleman & Horowitt, LLP
499 West Shaw, Ste. 116
Fresno, CA 93704

Wheels Financial Group, LLC (Overnight USPS)
CT Corporation System
818 West Seventh Street, Ste. 930
Los Angeles, CA 90017