1 | SHERYL D. NOEL #172551
COLEMAN & HOROWITT, LLP
2 | Attorneys at Law
499 West Shaw Avenue, Suite 116
3 | Fresno, California 93704
Telephone: (559) 248-4820
4 | Facsimile: (559) 248-4830
Email: snoel@ch-law.com

5

6 | Attorneys for WHEELS FINANCIAL
GROUP, LLC, dba LoanMart

7

8 | UNITED STATES BANKRUPTCY COURT

9 | CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

10 | In Re:

Case No. 2:19-bk-21271-SK

11 |

Chapter 13

12 | Eduardo Enrique Vallejo,

**STIPULATION TO RESOLVE CREDITOR WHEELS FINANCIAL GROUP, LLC DBA 1-800LOANMART'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

13 | Debtor(s).

14

15

16 | Date: 10/23/2019
Time: 8:30 a.m.
Ctrm: 1575, 15th Floor
Place: 255 East Temple Street
Los Angeles, CA 90012

17

18

19 | Hon. Sandra R. Klein

20 | WHEELS FINANCIAL GROUP, LLC dba LoanMart ("LoanMart" and/or "Creditor")

21 | filed a motion ("motion") seeking an order granting relief from the automatic stay to permit

22 | Creditor to foreclose on its security interest. Debtor, Eduardo Enrique Vallejo ("Vallejo") did

23 | not oppose the motion. The parties have agreed to resolve this matter by way of stipulation as

24 | follows:

25 | **RECITALS**

26 | 1.    Debtor is the owner of 1974 Alfa-Romeo Spider 1974, vehicle identification

27 | number AR3043863 ("Vehicle").

28 | 2.    On March 13, 2015, Vallejo executed a Promissory Note and Security

1

1  Agreement ("Note") with Continental Currency Services, Inc. dba CCS that provided for a

2  security interest in the Vehicle.  On or about the same day, for valuable consideration, the Note

3  was assigned to LoanMart.  LoanMart perfected its security interest in the Vehicle.

4      3.     LoanMart alleges Vallejo is in default of the Note.

5      4.     LoanMart filed the motion seeking an order granting relief from the automatic

6  stay to permit Creditor to foreclose on its security interest in the Vehicle.

7      5.     Debtor did not oppose the motion.

8      6.     To avoid the uncertainty, costs and fees of a hearing, the parties have agreed to

9  resolve this matter by way of stipulation.

10                  **STIPULATION**

11      Based on the foregoing facts and in consideration of the covenants contained herein and

12  other good and valuable considerations, the receipt and sufficiency of which are hereby

13  acknowledged, the parties, by and through their respective attorneys of record, hereby agree to

14  the following:

15      1.     Vallejo shall pay LoanMart, outside of any Plan, the sum of $4,650.00 to be paid

16           in two payments as follows:  The first payment in the sum of $2,250.00 is due on

17           October 9, 2019 and the second payment in the sum of $2,400.00 is due on

18           October 31, 2019.  Payments are to be paid via bank deposit at any Wells Fargo

19           Bank location, using account number 8480020778 (A copy of the deposit slip

20           shall be sent via email to snoel@ch-law.com or faxed to (559) 248-4830.)

21      2.     Upon confirmation of the timely receipt of the first and second payments in the

22           total sum of $4,650.00, set forth in paragraph 1 above, within 15 business days,

23           LoanMart will electronically release the title to the Vehicle to Vallejo.

24      3.     Upon confirmation of the timely receipt of the first payment in the sum of

25           $2,250.00 as forth in paragraph 1 above, on October 11, 2019, Loanmart will have

26           the Vehicle delivered to Vallejo at 508 North California Street, Burbank, CA

27           91505.  Vallejo will need to be present to accept and sign for delivery of the

28           Vehicle.  Vallejo's attorney will be provided an estimated time of delivery on

2

October 11th, however, Vallejo must make himself available at all times on said date. Vallejo will need to have a government issued photo identification.

4. Vallejo will be responsible for all law enforcement fees and other agency fees as required by law and assessed to the owner of the Vehicle.

5. All payments shall be made so the payment is received on or before the due date and Vallejo shall be deemed in default if any payment is not received timely as set forth in paragraph 1, above.

6. Within 3 business days of execution of this stipulation, Vallejo will dismiss any and all pending lawsuits or actions filed against LoanMart and/or its employees, including but not limited to, the action filed in the Superior Court of California, County of Los Angeles, Pasadena Courthouse and docketed as case number 19PDSC03886.

7. Within 3 business days of execution of this Stipulation, Vallejo will withdraw any and all demands he made for Arbitration relating to LoanMart.

8. Vallejo must maintain insurance coverage on the Vehicle and must remain current on all taxes that become due postpetition with regard to the Vehicle.

9. Upon any default in the terms and conditions set forth in paragraphs (A)(1) and (A)(2) of this Stipulation, Creditor must serve written notice of default to Debtor's attorney of record. If the Debtor fails to cure the default within 2 days after giving notice via email to his attorney at russ@rhmfirm.com, the stay shall automatically terminate without further notice, hearing or order.

10. Notwithstanding anything contained in this Stipulation to the contrary, the Debtor is entitled to a maximum of one (1) notice of default and opportunity to cure pursuant to the preceding paragraph. Once the Debtor has defaulted once on the obligations imposed by this stipulation and had been served with a notice of default, Creditor is relieved of any obligation to serve additional notices of default and/or provide additional opportunities to cure. If an event of default occurs thereafter, Creditor shall be entitled, without serving any additional notice of

3

default and providing the Debtor with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtor's failures to perform under this Stipulation, together with a proposed order terminating the stay, which the court may enter without further notice or hearing.

11. This Stipulation is binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Vehicle by court order or by operation of law, this Stipulation ceases to be binding and Creditor may proceed to enforce its remedies under applicable non-bankruptcy law against the Vehicle and/or against the Debtor.

12. Creditor may accept any and all payments made pursuant to this Stipulation without prejudice to or waiver of any rights or remedies to which it would otherwise have been entitled under applicable nonbankruptcy law.

13. Creditor does not waive its right to file a motion to dismiss Debtor's case for non-payment or motion for relief from stay if Debtor becomes delinquent in the payments to the Chapter 13 Trustee.

14. Vallejo admits he is not holding the Vehicle for tax purposes.

15. For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and other that the obligations set forth herein, the Parties (Vallejo and LoanMart) mutually release and forever discharge the other Party and its employees, agents, servants, successors, attorneys, and administrators from any and all claims, demands, or liabilities of any kind that they have, and has alleged or could have alleged, whether known or unknown, including without limitation any dispute related to any claims with respect to the Note and/or the Vehicle (including, but not limited to, the repossession thereof), and alleged collection activities from the beginning of time until the date of this release.

16. Vallejo represents that he has read the entire Agreement; that he understands this Agreement and its legal effect; and that he has an attorney represent him in relation to this stipulation and that it would be to his benefit to consult an

4

attorney concerning both the Agreement and the legal action.

17. Vallejo agrees to keep the terms of this Agreement confidential (the "Confidential Information") and shall not release or disseminate any of the Confidential Information to any third party, or where disclosure is required by regularly issued judicial process. The obligation of confidentiality shall survive the exchange of the releases hereunder.

18. The Agreement shall not prevent or release an action to enforce the terms of, or prosecute a breach of, this Agreement by either party. In the event of such a successful action, the party bringing this action is entitled to attorneys' fees and other damages that the Court deems appropriate.

19. This Agreement may not be amended, modified, revoked, or changed in any way except in a separate writing signed by all Parties.

20. The Agreement shall be construed in accordance with the laws of the State of California. In the event that any portion of this Agreement is held to be invalid in any legal or equitable proceeding, this Agreement shall be interpreted as though an such invalid portions or covenants were not contained in this Agreement.

21. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original and all of which together shall be deemed one and the same instrument. A facsimile, photocopy, electronic, PDF, or other reproduction of this Agreement or a signature on it shall be as effective as the original Agreement or signature.

EACH SIGNATORY TO THIS RELEASE REPRESENTS AND WARRANTS TO THE OTHER PARTY THAT IT HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS ITS CONTENTS, AND SIGNS THIS AGREEMENT AS ITS OWN FREE ACT AFTER THE OPPORTUNITY TO REVIEW THE RELEASE WITH COUNSEL OF ITS CHOICE.

By: _____     Date: __10/07/2019__
Eduardo Enrique Vallejo

5

1

Wheels Financial Group, LLC

2

3  By: _____          Date: 10/08/2019

4  Diego Erazo,
   Bankruptcy Specialist

5

6  APPROVED AS TO FORM:

7                                          COLEMAN & HOROWITT, LLP

8

9  Dated: October 8, 2019          By: _____
                                         SHERYL D. NOEL
10                                       Attorney for WHEELS
                                         FINANCIAL GROUP, LLC
11                                       dba LoanMart

12

13                                       RESNIK HAYES MORADI LLP

14

15  Dated: October 8, 2019          By: _____
                                         RUSSELL J. STONG III
16                                       Attorney for Debtor,
                                         EDUARDO ENRIQUE VALLEJO

17

18

19

20

21

22

23

24

25

26

27

28

F:\Clients\13506-1200LoanMart\21-Vallejo (Case Ch 13 MFR)\Wheels\Bk 875\stuk:ment MFR(v3).wpd    STIPULATION TO RESOLVE MOTION FOR RELIEF

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

499 West Shaw Avenue, Suite 116, Fresno, CA 93704


A true and correct copy of the foregoing document entitled (*specify*):  STIPULATION TO RESOLVE CREDITOR WHEELS FINANCIAL GROUP, LLC DBA 1-800LOANMART'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/09/2019_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Kathy A Dockery (TR)     EFiling@LATrustee.com
Matthew D. Resnik     matt@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;janita@rhmfirm.com;
susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmf
Edward A Treder     cdcaecf@bdfgroup.com
United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov ☐ Service information continued on attached page

2.  **SERVED BY UNITED STATES MAIL**:
On (*date*) __10/09/2019_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor, Eduardo Enrique Vallejo, 508 N. California Street, Burbank, CA 91505
Judge's copy: Hon. Sandra R. Klein, U.S. Bankruptcy Court, Roybal Federal Building
255 E. Temple Street, Suite 1582, Los Angeles, CA 90012

☐ Service information continued on attached page

3.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/09/2019 | Kathy Imburgia | /s/ Kathy Imburgia |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.